Tanya R. SPALLIERO, Plaintiff–
Appellant,

v.

Michael J. ASTRUE, Commissioner
of Social Security, Defendant–
Appellee.

No. 09–55732.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 2010.*

Filed Dec. 28, 2010.

Stephanie M. Simpson, Northridge, CA,
for Plaintiff–Appellant.

Enrico Alis, Esquire, Assistant Regional
Counsel, Geralyn A. Gulseth, Esquire, As-
sistant Regional Counsel, Social Security
Administration Office of the General Coun-
sel, San Francisco, CA, for Defendant–
Appellee.

Before: RAWLINSON and M. SMITH,
Circuit Judges, and JONES, District
Judge.**

MEMORANDUM ***

OVERVIEW

Appellant Tanya Spalliero (Spalliero)
challenges the district court's decision up-

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R. App. P. 34(a)(2).

** The Honorable Robert C. Jones, United
States District Judge for the District of Neva-
da, sitting by designation.

holding the Commissioner of Social Securi-
ty's denial of Spalliero's application for
additional disability insurance benefits.

1. The district court properly granted
summary judgment in favor of the Com-
missioner because the Administrative Law
Judge's determination that Spalliero's im-
pairment did not meet or equal the asthma
listing was supported by substantial evi-
dence. See 20 C.F.R. Pt. 404, Subpt. P,
App. 1 § 303B. Spalliero offered no evi-
dence to contravene the medical testimony
of the physician who testified at the hear-
ing. See Reddick v. Chater, 157 F.3d 715,
725 (9th Cir.1998) (recognizing the impor-
tance of an uncontroverted medical opin-
ion).

2. The Administrative Law Judge (ALJ)
adequately developed the record by pro-
viding Spalliero the opportunity to produce
medical records to support her claim, and
by having a medical expert and vocational
expert available to interpret the medical
evidence. See Mayes v. Massanari, 276
F.3d 453, 459–60 (9th Cir.2001), as amend-
ed.

3. The ALJ sufficiently incorporated
Spalliero's limitations into the hypotheti-
cals he presented to the vocational expert.
His hypothetical questions to the vocation-
al expert concerning claimant's limitations
were expressly based on the testimony of
the medical expert. See Osenbrock v. Ap-
fel, 240 F.3d 1157, 1165 (9th Cir.2001)
(noting that an ALJ is free to reject re-
strictions that are not supported by the
evidence).

4. Although the ALJ was frustrated with
Spalliero's counsel, Spalliero did not estab-

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

197

lish that there was a conflict of interest or other specific indication of bias. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir.2009) (citation omitted). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women sometimes display, do not establish bias." *Id.* (citation and alteration omitted).

5.   There was no evidence that the record was altered.   The ALJ's statements expressing his concern and frustration of Spalliero's representation were set forth in the record.

**AFFIRMED.**